UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL PAYETTE,

        Petitioner,

v.                                    CASE NO. 06-CV-12508
                                    HONORABLE PAUL V. GADOLA

GERALD HOFBAUER,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS
AND DENYING A CERTIFICATE OF APPEALABILITY
AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

**I.    Introduction**

This is a habeas case under 28 U.S.C. § 2254. Michael Payette ("Petitioner"), a Michigan prisoner, was convicted of two counts of malicious destruction of police property in the Oakland County Circuit Court following a jury trial and was sentenced as a fourth habitual offender to 2 to 15 years imprisonment in 2003. In his habeas corpus petition, he raises the following claims:

    I.      The prosecution failed to prove beyond a reasonable doubt that he was not resisting an unlawful arrest when he broke the patrol car windows.

    II.     Habitual enhancement for prior one year misdemeanors; corruption at trial; conviction without probable cause for arrest or reasonable suspicion to detain; denial of appeal of right by Sixth Circuit and appellate counsel Dory Baron; fraud, falsified record on appeal by Sixth Circuit and court reporters; defendant never arraigned by trial court (absolute refusal to arraign and made up fraudulently months later); terrorism and hostage taking behaviors by MDOC - obvious perjury and felony crime by detaining/arresting officer.

Respondent has filed an answer to the petition asserting, in part, that the petition should be dismissed because Petitioner failed to fully exhaust state court remedies. For the reasons set forth, the Court agrees with Respondent and dismisses without prejudice the petition for writ of habeas corpus. The

Court also denies a certificate of appealability and denies leave to proceed on appeal *in forma pauperis*.

**II.     Analysis**

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to the state courts. Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating exhaustion of state court remedies. The record before this Court reveals that Petitioner did not present the issues identified as his second habeas claim to the Michigan Court of Appeals on direct appeal of his convictions. He first presented those issues to the Michigan Supreme Court on discretionary review. Submission of claims to a state's highest court on discretionary review does not constitute "fair presentation" when such review is granted only upon "special and important reasons." *Castille v. Peoples*, 489 U.S. 346, 349 (1989). Petitioner has thus failed to properly exhaust his habeas claims in the state courts. Petitioner has available remedies in the Michigan courts which must be exhausted before proceeding in federal court. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the trial court and pursue his unexhausted issues in the state appellate courts as necessary.

Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). If this Court were to review the unexhausted claims presented, such an action would deny the state courts the deference to which they are entitled. The state courts must first be given a fair opportunity to rule upon all of Petitioner's claims before he presents those claims to this Court. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

### III. Conclusion

For the reasons stated, the Court concludes that Petitioner has not fully exhausted his state court remedies before seeking federal habeas review. The Court shall therefore dismiss without prejudice his petition for writ of habeas corpus. The Court makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not

conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed. In such a case, no appeal is warranted. *Id.* After conducting the required inquiry and for the reasons stated herein, the Court is satisfied that jurists of reason would not find the Court's procedural ruling debatable. No certificate of appealability is warranted in this case. The Court shall also deny Petitioner leave to proceed on appeal *in forma pauperis* because any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for writ of habeas corpus [docket entry #1] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and that leave to proceed on appeal *in forma pauperis* is **DENIED**.

**SO ORDERED.**

Dated:  January 22, 2008                              s/Paul V. Gadola
                                                      HONORABLE PAUL V. GADOLA
                                                      UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on  January 22, 2008  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:        William C. Campbell                                    , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:            Michael Payette             .

                                                      s/Ruth A, Brissaud
                                                      Ruth A. Brissaud, Case Manager
                                                      (810) 341-7845