UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL PAYETTE,

        Petitioner,

v.                              CASE NO. 06-CV-12508
                                HONORABLE PAUL V. GADOLA

GERALD HOFBAUER,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS

**I.    Introduction**

This is a habeas case under 28 U.S.C. § 2254. Michael Payette ("Petitioner"), a Michigan prisoner, was convicted of two counts of malicious destruction of police property in the Oakland County Circuit Court following a jury trial and was sentenced as a habitual offender to 2 to 15 years imprisonment in 2003. In his habeas petition, as amended, he raises an insufficient evidence claim. For the reasons state herein, the Court denies the petition for writ of habeas corpus. The Court also denies a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

**II.    Facts and Procedural History**

Petitioner's convictions arise from his actions in kicking out two police car windows during the course of his arrest and transport to a police station in Royal Oak, Michigan on October 25, 2002. Petitioner was charged with two counts of malicious destruction of police property and two

counts of resisting and obstructing a police officer. Following competency and criminal responsibility examinations, Petitioner was found competent to stand trial.

At trial, Royal Oak Police Officer Brian Zelakiewicz testified that he was on patrol in uniform and a marked patrol car on October 25, 2002 when he passed the Kingswood Motel on Woodward Avenue at approximately 6:00 a.m. He observed Petitioner talking with another person in a doorway, which he thought was odd. He circled around and saw Petitioner knocking on another door. Officer Zelakiewicz was concerned about a possible breaking and entering so he parked in the alley and walked around the corner. He then saw Petitioner knocking on a third door. Officer Zelakiewicz approached Petitioner and asked him if he was staying at the motel. Petitioner responded that the used to live there. When Officer Zelakiewicz asked why Petitioner was knocking on doors, Petitioner became agitated. Officer Zelakiewicz suspected criminal activity due to his experience and knowledge of the area. He walked Petitioner to his patrol car to pat him down for weapons.

Officer Zelakiewicz testified that Petitioner was highly agitated, nervous, speaking loudly, and had alcohol on his breath. As Officer Zelakiewicz began to pat down Petitioner, Petitioner turned, poked the officer's chest, and demanded to know his name. Officer Zelakiewicz put Petitioner's hands on the hood of the car and began the pat down. Petitioner then spun around, got in the officer's face, clenched his fist, and had an angry expression. Officer Zelakiewicz struck Petitioner and pulled him to the ground to handcuff and arrest him for assault. While Officer Zelakiewicz was struggling with Petitioner, Officer Kenneth Bean arrived and helped handcuff and pat down Petitioner. During this process, Petitioner kicked Officer Bean twice. The officers discovered a crack pipe during the pat down search. Petitioner told the officers he took a cab to the

motel to buy drugs. The officers put Petitioner in Officer Zelakiewicz's police car. On the way to the police station, Petitioner kicked out one of the car windows. The officers transferred him to another police car driven by Officer James Stehlin and he was taken to the station.

Officer Bean testified that he drove to the Kingswood Motel in response to a call for assistance. As he approached the scene, he heard Petitioner yelling "police brutality." Officer Bean asked Petitioner to calm down. While Officer Bean was helping the other officer, Petitioner kicked him three times. Officer Bean also testified that Petitioner kicked out one of the police car windows on the way to the police station and that he kicked out a window on a second police car at the police garage. Officer Bean testified that Petitioner exhibited severe mood swings at the station which included threatening behavior. He also observed that Petitioner smelled of alcohol and that his eyes were dilated and bloodshot. Officer Bean testified that Petitioner punched him in the face at the station and was then moved to an isolation cell.

Officer Stehlin testified that he also helped subdue Petitioner at the scene. He noted Petitioner's alcohol smell and violent moods swings. Officer Stehlin testified that Petitioner was placed in his patrol car after breaking out a window in another car. During the ride to the station, Petitioner spit at him and threatened the officers. When they were in the police garage, Petitioner kicked out the rear passenger window of his patrol car.

Petitioner testified on his own behalf at trial. He said that he was at the Kingswood Motel to see a friend, who had already left for work according to her husband. Petitioner said that he had talked to her earlier and wanted to get a ride home. Petitioner denied knocking on other doors, but said that he returned to his friend's room to find out when she would be back. Petitioner claimed that he was fully cooperative when he was approached by Officer Zelakiewicz and patted down. He

3

said that he understood what the officer was doing because the officer told him that he was being patted down for weapons. Petitioner denied poking the officer in the chest, and said that he may have pointed at the officer's badge. Petitioner claimed that the officer assaulted him for no reason and described injuries that he suffered. Petitioner could not recall kicking Officer Bean, but said that it was possible that he did so. Petitioner admitted kicking out both of the patrol car windows. He said that he kicked out the first window to get help from someone on the street and that he kicked out the second window due to anger and despair. Petitioner admitted that he had been drinking sometime before the incident.

At the close of trial, the jury found Petitioner guilty of two counts of malicious destruction of police property, acquitted him on the resisting and obstructing charge as to Officer Bean, and hung on the resisting and obstructing charge as to Officer Zelakiewicz. The trial court subsequently sentenced Petitioner to concurrent terms of two to 15 years imprisonment.

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals asserting that the prosecution failed to present sufficient evidence to support his convictions. The Michigan Court of Appeals denied relief on this claim and affirmed Petitioner's convictions. *See People v. Payette*, No. 247652, 2004 WL 2050553 (Mich. Ct. App. Sept. 14, 2004). Petitioner filed an application for leave to appeal with the Michigan Supreme Court raising the same claim, as well as additional claims challenging his sentence, the validity of his arrest, and the fairness of his trial. The Michigan Supreme Court denied leave to appeal in a standard order. *See People v. Payette*, 472 Mich. 916, 697 N.W.2d 153 (2005).

Petitioner thereafter filed his federal habeas petition with this Court asserting the following claims as grounds for relief:

> I. The prosecution failed to prove beyond a reasonable doubt that he was not resisting an unlawful arrest when he broke the patrol car windows.
>
> II. Habitual enhancement for prior one year misdemeanors; corruption at trial; conviction without probable cause for arrest or reasonable suspicion to detain; denial of appeal of right by Sixth Circuit and appellate counsel Dory Baron; fraud, falsified record on appeal by Sixth Circuit and court reporters; defendant never arraigned by trial court (absolute refusal to arraign and made up fraudulently months later); terrorism and hostage taking behaviors by MDOC - obvious perjury and felony crime by detaining/arresting officer.

Respondent filed an answer to that petition asserting that it should be dismissed because the first claim lacked merit and the second claim was not properly exhausted in the state courts. The Court issued an opinion and order dismissing the petition without prejudice on exhaustion grounds. Petitioner thereafter filed a motion seeking to re-open the case so that he could proceed only on the exhausted insufficient evidence claim contained in his petition. The Court granted Petitioner's motion and re-opened this case. The matter is now ready for decision.

### III. Analysis

#### A. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, governs this case because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable

> application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. "In order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so

long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.

Lastly, this Court must presume that state court factual determinations are correct. *See* 28 U.S.C. § 2254(e)(1); *Baze v. Parker*, 371 F.3d 310, 318 (6th Cir. 2004). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

**B.     Insufficient Evidence Claim**

Petitioner asserts that he is entitled to habeas relief because the prosecution presented insufficient evidence to support his malicious destruction of police property convictions. Specifically, Petitioner claims that the prosecution failed to prove beyond a reasonable doubt that he was not resisting an unlawful arrest when he broke the police car windows. The Michigan Court of Appeals denied relief on this claim finding that Petitioner did not dispute that the prosecution presented sufficient evidence of each element of the crime and concluding that the police testimony established a proper stop, protective frisk, and subsequent arrest for assaulting a police officer. The court also noted that the jury was required to find malicious intent in order to convict. *See Payette*, 2004 WL 2050553 at *1.

In *Jackson v. Virginia*, 443 U.S. 307 (1979), the United States Supreme Court established that the standard of review for a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. This standard must be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson*, 443 U.S. at 324 n.16. A habeas court does not re-weigh the

7

evidence or redetermine the credibility of the witnesses. *See Matthews v. Abramajtys*, 319 F.3d 780, 788-89 (6th Cir. 2003). "It is the province of the fact-finder to weigh the probative value of the evidence and resolve any conflicts in testimony." *Id*. Therefore, "[t]he mere existence of sufficient evidence to convict . . . defeats a petitioner's claim." *Id*. (citations omitted).

Under Michigan law, the essential elements of malicious destruction of police property are that the "defendant did (1) willfully and maliciously destroy or injure, (2) personal property belonging to the police department." *People v. Richardson*, 118 Mich. App. 492, 494-95, 325 N.W.2d 419 (1982); *see also* Mich. Comp. L. § 750.377b. The words "willful and malicious" require a specific intent to damage property. *See People v. Culp*, 108 Mich. App. 452, 458, 310 N.W.2d 421 (1981). The defendant's intent may be inferred from all of the facts and circumstances, and circumstantial evidence is sufficient to prove intent. *See, e.g.*, *People v. Fetterley*, 229 Mich. App. 511, 517-18, 583 N.W.2d 199 (1998).

Petitioner asserts that his actions in kicking out the patrol car windows were justified because he was attempting to resist an unlawful arrest. The legality of arrest, however, is not an element of the crime of malicious destruction of police property. *See People v. Washington*, No. 201244, 1999 WL 33454020, *1 (Mich. Ct. App. Feb. 23, 1999) (unpublished) (noting that the defendant failed to offer any authority to show that legality of arrest was an element to be established by the prosecution or a possible defense to a malicious destruction charge). In fact, under Michigan law, a person does not have the right to resist an officer whom the individual knows or has reason to know is performing his or her duties, even if the officer's action is unlawful. *See* Mich. Comp. L. § 750.81d (enacted May 9, 2002 and effective July 17, 2002); *People v. Ventura*, 262 Mich. App. 370, 373, 686 N.W.2d 748 (2004); *see also Bourgeois v. Strawn*, 501 F.

Supp. 2d 978, 987 (E.D. Mich. 2007).[1] The prosecution in this case was merely required to prove that Petitioner acted willfully and maliciously. The record indicates that Petitioner did not break the windows of the two police cars in an effort to resist an unlawful arrest. Rather, the police testimony establishes that Petitioner did so because he was upset after being arrested, placed in the patrol cars, and transported to the police station. *See People v. Lewis*, No. 241087, 2003 WL 22715685, *1 (Mich. Ct. App. Nov. 18, 2003) (unpublished). Petitioner's own testimony that he kicked the patrol car windows while en route to the police station and his admission that he kicked the second patrol car window out of anger and despair supports a finding that his actions were malicious and intentional and were not done to resist an unlawful arrest. Viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could conclude beyond a reasonable doubt that Petitioner maliciously and intentionally broke two police car windows and that he did so without justification or excuse so as to support his convictions.[2]

To the extent that Petitioner challenges the inferences that the jury drew from the testimony and evidence presented at trial, he is not entitled to habeas relief. It is the job of the jury, not a federal habeas court, to resolve evidentiary conflicts. *See Jackson*, 443 U.S. at 326; *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002). Additionally, to the extent that Petitioner challenges

---

[1]The incident in this case occurred on October 25, 2002 and the record shows that Petitioner knew or had reason to know that the uniformed officers in their patrol cars were performing their duties.

[2]The Court notes that the Michigan Court of Appeals did not specifically address whether the prosecution presented sufficient evidence to support Petitioner's convictions under the *Jackson* standard. Consequently, the deferential standard of 28 U.S.C. § 2254(d) does not apply, and habeas review of the claim is *de novo*. *See Higgins v. Renico*, 470 F.3d 624, 630 (6th Cir. 2006) (quoting *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003), and citing *Wiggins v. Smith*, 539 U.S. 510, 534 (2003)).

the state court's construction or application of state law, he is not entitled to relief. "A claim that the state court misunderstood the substantive requirements of state law does not present a claim under § 2254. A federal court may not issue the writ on the basis of a perceived error of state law." *See Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). A rational trier of fact could find the essential elements of two counts of malicious destruction of police property beyond a reasonable doubt.[3] Habeas relief is not warranted on this claim.

**IV.   Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to habeas relief on the insufficient evidence claim contained in his petition. His petition for writ of habeas corpus shall therefore be denied.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Having conducted the required review, the Court finds that a certificate of appealability is not warranted. The Court shall also deny

---

[3]Given this determination, the Court need not address the propriety of the *Terry* stop and Petitioner's subsequent arrest. Even if the stop or arrest were improper, Petitioner's actions in kicking and damaging the police car windows were not justified.

10

Petitioner leave to proceed on appeal *in forma pauperis* because any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to proceed on appeal *in forma pauperis* are **DENIED**.

**SO ORDERED.**

Dated: __April 9, 2008__            s/Paul V. Gadola
                                                    HONORABLE PAUL V. GADOLA
                                                    UNITED STATES DISTRICT JUDGE

---

**Certificate of Service**

I hereby certify that on __April 9, 2008__, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: __William C. Campell__, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: __Michael Payette__.

                                                    s/Ruth A. Brissaud
                                                    Ruth A. Brissaud, Case Manager
                                                    (810) 341-7845